UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERA L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:12-CV-2105-RWS |
| | ) |
| PHH MORTGAGE SERVICE CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis and submission of a civil complaint. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will dismiss plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and will decline to exercise jurisdiction over her pendent state-law claims.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff brings this action against PHH Mortgage Service Center[1] and "Wilmington Trust Company, Kristin J. Conwell, Trustee" for alleged violations of the following federal statutes: Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*, Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.*, Home Mortgage Disclosure Act ("HMDA"), 12 U.S.C. § 2801 *et seq.*, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* In addition, plaintiff asserts pendent state-law claims for fraud, fraudulent misrepresentation, larceny, breach of contract, and unfair or deceptive acts and practices under Missouri law, as well as a violation of several Missouri statutes concerning the sale of foreclosed property and notice of mortgage defaults. Plaintiff

---

[1] Plaintiff claims that "PHH Mortgage Service, Mortgage Service Center is the current mortgage company that was transferred duty from Mortgage Service Center."

seeks monetary relief and punitive damages in the amount of $250,000.[2]  In addition, plaintiff asks this Court to quiet title in her favor.

Plaintiff states that she is the owner of a home in St. Louis County, where she has lived for the past thirty-two years.  She states that PHH is the "nominee and/or beneficiary under the deed of trust."  Plaintiff further states that, after undergoing surgery in June 2010, she found it difficult to keep up with her bills, and she ultimately fell four months behind on her mortgage note.  Plaintiff alleges that approximately two years later, in March 2012, she sent a monthly mortgage check to PHH, but the check was returned because it did not include all of the late payments or the assessed late fees.  Plaintiff complains that a myriad of expenses were added to the amount owed, including fees for an attorney, title updates, mailing, property inspection, trustee, and publications. Plaintiff states that "in violation of good faith and fair dealing, defendant consistently placed the amount due just outside the reach of plaintiff to make [the] mortgage current."

Plaintiff filed for bankruptcy protection on August 2, 2012.  On October 18, 2012, the bankruptcy court granted a motion to remove the automatic stay.  Plaintiff states that she was advised she could contact the mortgage company to find out the

---

[2]On November 9, 2012, this Court denied plaintiff's *ex parte* motion for a temporary restraining order [ECF No. 4].

amount due on her mortgage, but when she did, she was told her house was scheduled to be sold on October 19, 2012. Plaintiff alleges that she did not receive a notice of default or notice of trustee sale relative to the October 19th sale, which apparently never took place. Plaintiff states that she subsequently received a letter from defendant's attorney, stating that she owed $6,000 in past-due mortgage payments and $4,123.03 in fees. Plaintiff states that, again, defendant intentionally kept the amount due "just out of reach," in violation of good faith and fair dealing.

Plaintiff states that on October 26, 2012, she "had a mortgage assessment of her mortgage documents by her legal advisor . . . and found discrepancy and non-disclosure of the required documents by federal law that requires a disclosure of financial documents and not disclosed to [her]." Plaintiff alleges that there is a "Notice of Trustee's Sale" which states that her home will be sold at public auction to the highest bidder, but "none of these alleged beneficiaries or representatives of the beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure on November 19, 2012." Plaintiff claims that the sale of her home would violate Missouri law, because "the Trustee was not in possession of the original Note, [and] the Note when it was assigned to the current beneficiary did not convey the power of sale because it violated the terms of that the assignment when it was made to the current that [sic] the Note executed by Plaintiff was no

longer a negotiable instrument because the assignment was not physically applied to the Note."

Plaintiff asserts federal jurisdiction over her claims pursuant to 28 U.S.C. § 1331 (federal question).

## Discussion

Plaintiff's pro se complaint is long and rambling and often times incoherent. After a comprehensive review of the allegations, and for the reasons set forth below, the Court will dismiss the federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B), and will decline to exercise jurisdiction over the pendent state-law claims.

### A. Federal Claims

#### 1. FDCPA Claim

To establish a prima facie FDCPA case, a plaintiff must plead and prove that (1) the defendant was a debt collector; (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act; and (3) the debt was a consumer debt. *E.g.*, *In re Creditrust Corp.*, 283 B.R. 826, 831 (Bankr. D. Md. 2002). To satisfy the first element of proof, that the defendant is a debt collector, the Court looks to 15 U.S.C. § 1692a(6) which, in relevant part, defines a "debt collector" as "[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Pursuant to § 1692a(6)(A), a creditor collecting its own debts is not a "debt collector" and is exempt from the requirements under the FDCPA. *See Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 482 n. 3 (7th Cir. 1997) (FDCPA did not apply to the activities of a homeowners or condominium association in collecting a debt on its own behalf); *Munk v. Federal Land Bank of Wichita*, 791 F.2d 130, 132 (10th Cir. 1986) (FDCPA did not apply to individuals "not attempting to collect another's debt"). In the instant case, plaintiff does not allege, nor is there any indication, that defendant PHH Mortgage Service Center is a debt collector within the meaning of the FDCPA. As to Willmington Trust Company, plaintiff does not allege that this defendant's conduct in attempting to collect a debt was prohibited by the Act.[3] Thus, plaintiff has failed to state a claim under the FDCPA.

### 2. TILA Claim

The Truth in Lending Act ("TILA") requires that a creditor or lessor disclose to the person who is obligated on a consumer lease or a consumer credit transaction the information required under the Act. 15 U.S.C. § 1631(a). The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able

---

[3]To the contrary, Exhibit 2 of ECF No. 1-2 indicates that Willimgton Trust Company acted in compliance with the FDCPA.

to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . ." 15 U.S.C. § 1601(a).  TILA mandates that certain information be "clearly and conspicuously disclosed," such as the "annual percentage rate" and "finance charge."  15 U.S.C. § 1632(a).

In the case at bar, plaintiff does not allege that defendants failed to disclose the information required under the Act, but rather, that certain documents were found to be "missing" on October 26, 2012, when plaintiff's legal advisor performed a "mortgage assessment of her mortgage documents."  These allegations do not state a claim against either of the two defendants for the violation of TILA.

In addition, even if plaintiff had a claim against her mortgagee for a violation of TILA, that claim accrued, and the one-year statute of limitations began to run, on the date of the alleged violation.  *See* 15 U.S.C. § 1640(e)(one-year statute of limitations for filing suit once a violation of TILA has occurred); *Shaya v. Countrywide Home Loans, Inc.*, 2012 WL 1816233 (6th Cir. 2012).  Plaintiff is incorrect in stating that the statute of limitations on her TILA claim commenced on October 26, 2012.  Given the facts of this case, it would appear that TILA's one-year limitations period expired many years ago.

For these reasons, plaintiff's TILA claims will be dismissed pursuant to § 1915(e)(2)(B).

### 3. FCRA Claim

Plaintiff does not reference the specific statute under which she is attempting to bring a claim under the FCRA; however, to the extent that she is proceeding under 15 U.S.C. § 1681s-2(a), the claim is legally frivolous, because consumers do not have a private cause of action under that statute.  *See* 15 U.S.C. § 1681s-2(d) (the duty to provide accurate information "shall be enforced exclusively under § 1681s of this title by the federal agencies and officials and the state officials identified in that section"). To the extent that plaintiff is proceeding under 15 U.S.C. § 1681s-2(b), the allegations will be dismissed for failure to state a claim or cause of action.  Plaintiff's FCRA claim is based on the sole allegation that two required mortgage documents were "missing" from her records:  the credit score disclosure and the homeowner's credit report.  Mere allegations of missing documents, however, do not state a claim for a FCRA violation.

In addition, "although a private citizen may bring an action under 15 U.S.C. § 1681s–2(b), this cause of action is not without limitations."  *SimmsParris v. Countrywide Financial Corp.*, 652 F.3d 255, 358 (3d Cir. 2011).  The duties placed on furnishers of information by this subsection are implicated only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer

reporting agency." 15 U.S.C. § 1681s–2(b)(1). "Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer." *SimmsParris*, 652 F.3d at 358 (citations omitted). There is no indication that such notice was given in the instant case.

### 4. GLBA and HDMA Claims

Plaintiff's allegations regarding GLBA and HDMA violations will be dismissed for failure to state a claim, because there is no private right of action under either statute. *See Wood v. Greenberry Financial Services, Inc.*, 2012 WL 5381817 (D.Haw. 2012) (citations omitted)(GLBA); 15 U.S.C. § 6805(a); *Hewett v. Shapiro & Ingle LLP*, 2011 WL 4550139 (M.D.N.C. 2011)(HMDA); 12 U.S.C. § 2804.

### 5. Remaining Federal Claims

The Court will dismiss plaintiff's remaining allegations relative to violations of RESPA, ECOA, FCRA, and HOEPA. Plaintiff has simply failed to allege sufficient facts to state a claim or cause of action for the violation of her rights under the aforementioned federal statutes. Her allegations are either conclusory and unsupported by sufficient facts, or they are riddled with disjointed legalese, followed by unrelated and general references to one of the aforementioned federal statutes. For instance, plaintiff states:

> Plaintiff believes and therefore alleges that Defendant fraudulently omitted to disclose the following: A cause of action for 'deceit' or fraud requires the Appellant to prove each of the following elements: (California Civil Code § 1710).
> . . .
> Further, third party revealed that Respondent violated of [sic] the Truth-In-Lending Act (1968).
>
> Plaintiff believes and therefore states that Defendant violated the Home Ownership and Equity Protection Act (HOEPA) of 1994, which requires certain disclosures and clamps restrictions on lenders of high-cost loans. Codified in Regulation Z at 12 C.F.R. 226.32, it only applies to non-purchase money transactions. HOEPA was enacted in 1994 in response to Congressional concerns over 'reverse redlining.' According to the Senate Banking Committee report accompanying the legislation, 'reverse redlining' is the practice of targeting residents of specific disadvantaged communities for credit on unfair terms, and in particular by second mortgage lenders, home improvement contractors, and finance companies. . . .
>
> Plaintiff believes and therefore alleges that Defendant violated the Real Estate Settlement Procedure Act (RESPA). Thus, under the Real Estate Settlement Procedures Act (RESPA), applies [sic] to almost all mortgage loans and lenders, not just FHA-insured mortgages.

And so the complaint continues, with plaintiff either failing to provide sufficient facts to state a claim under, or summarily stating that she "believes and therefore alleges that defendant violated," RESPA, ECOA, FCRA, and HOEPA.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give the complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. In the instant case, plaintiff has failed to set forth, in a simple, concise, and direct manner as to each of the named defendants, the specific factual allegations supporting each of her RESPA, ECOA, FCRA, and HOEPA claims. As such, the Court will dismiss these federal claims pursuant to § 1915(e)(2)(B).

**B.  Pendent State-Law Claims**

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial,

remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as *Vera L. Johnson v. PHH Mortgage Service Center and Wilmington Trust Company, Kristin J. Conwell, Trustee*.

**IT IS FURTHER ORDERED** that, as to plaintiff's federal claims, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's pendent state-law claims are **DISMISSED**, without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of November, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE